**UNITED STATES of America,**
**Appellee,**

v.

**Angelo DIPIETRO, Defendant–**
**Appellant.**

No. 07–5344–cr.

United States Court of Appeals,
Second Circuit.

May 21, 2008.

Angelo DiPietro, White Deer, PA, pro se, Appellant.

Jennifer G. Rodgers, Assistant United States Attorney (Jonathan S. Kolodner, Assistant United States Attorney, of counsel) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROGER J. MINER and Hon. B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

Angelo DiPietro appeals from an October 23, 2007, 2007 WL 3120902, order of

the United States District Court for the Southern District of New York (Cote, *J.*) denying his motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, and a November 1, 2007 order denying his motion for reconsideration of the district court's order denying the motion. We presume the parties' familiarity with the facts and procedural history of the case, and the arguments on appeal.

■ We review a decision to deny a Rule 33 motion for a new trial for an abuse of discretion, "upholding findings of fact that were made in the course of deciding the motion[ ] unless they are clearly erroneous." *United States v. Stewart,* 433 F.3d 273, 295 (2d Cir.2006). A motion for a new trial grounded on newly discovered evidence must be filed within three years after conviction. Fed.R.Crim.P. 33(b)(1). Any motion for a new trial grounded on any other reason must be filed within 7 days after conviction. Fed.R.Crim.P. 33(b)(2). DiPietro's Rule 33 motion was filed nearly ten months after judgment was entered in this case. Accordingly, only his claims based on newly discovered evidence were timely. Although the district court may read the time limits of Rule 33 in conjunction with Rule 45(b), and extend those time limits, it did not abuse its discretion by not extending the time limitations in this case. Not only did DiPietro fail to ask for an extension of the time limits under Rule 33, but the Government raised and argued the untimeliness of DiPietro's motion in its response to the Rule 33 motion. Further, the district court correctly noted that ineffective assistance of counsel claims are more properly raised in 28 U.S.C. § 2255 proceedings, and DiPietro should bring those claims in that forum. *See Massaro v. United States,* 538 U.S. 500, 504–05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). Moreover, DiPietro is not prejudiced by the district court's finding that his claims are untimely because his claims were simultaneously raised in his direct criminal appeal, and have been fully briefed before this Court. Therefore, the district court did not abuse its discretion in finding DiPietro's claims not based on newly discovered evidence to be untimely.

■ With respect to DiPietro's claims of newly discovered evidence, the district court did not err in finding that DiPietro's claims were not grounded in fact or law. As a factual matter, DiPietro's allegedly recent knowledge that his appointed attorney did not review the Government's discovery is not newly discovered evidence within the meaning of the rule because it is not evidence that was unavailable prior to trial. The mere submission of photographs of the alleged discovery material does not transform the allegation into newly discovered evidence. Moreover, DiPietro's allegation that he could not have learned this information prior to the date he filed his Rule 33 motion based on his counsel's ineffectiveness is meritless. DiPietro admits that his first counsel had access to the discovery, and there is no indication that either DiPietro or the district court questioned his second counsel's performance or diligence in preparing the case at any time during trial. In fact, DiPietro consented to his original counsel's absence from the courtroom.

In addition, a Rule 33 motion based on newly discovered evidence may be granted "only upon a showing that the evidence could not with due diligence have been discovered before or during trial, that the evidence is material, not cumulative, and that admission of the evidence would probably lead to an acquittal." *United States v. Alessi,* 638 F.2d 466, 479 (2d Cir.1980). In this case, DiPietro cannot establish any of these requirements. There is no evidence, beyond DiPietro's conclusory alle-

gations, that DiPietro and his replacement counsel failed to receive and review the Government's discovery. Additionally, it is unclear what the discovery materials contained, and how they were material to the case. Moreover, it is unlikely that the discovery material would have led to an acquittal because there is no allegation that his original counsel did not review the information and pass along its value to his replacement, or that there was any exculpatory information contained in the discovery. *See United States v. Owen,* 500 F.3d 83, 88 (2d Cir.2007) (discussing the requirements under Rule 33 and noting that the newly discovered evidence must "likely result in an acquittal" and must "not [be] merely cumulative or impeaching"). In fact, in *Owen,* this Court declined to hold that "a new trial may be granted pursuant to Rule 33 on the basis of evidence that was known by the defendant prior to trial, but became newly available after trial." *Id.* at 89. Although DiPietro alleges that he did not learn that his appointed attorney did not review the Government's discovery until after the trial, he does not claim that he was unaware of the content of the Government's discovery prior to trial. Therefore, the district court did not abuse its discretion in denying the Rule 33 motion or the motion for reconsideration thereof.

For the foregoing reasons, the orders of the district court are AFFIRMED.